UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| ROBERT S. LOTHROP, Individually and as Administrator of the Estate of ROBERT E. LOTHROP, (Deceased), | ) ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| KEVIN EARLS, Individually and as Administrator of the Estate of WILLIAM J. SCHLEY, (Deceased), | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | 13-10235-DPW |
| | ) | |
| v. | ) | |
| | ) | |
| NORTH AMERICAN AIR CHARTER, INC., AIRBORNE MAINTENANCE, INC., AIR HAMPTONS, INC., CONTINENTAL MOTORS, INC., TECHNIFY MOTOR (USA) INC., TELEDYNE CONTINENTAL MOTORS, INC., a/k/a TELEDYNE CONTINENTAL MOTORS a/k/a CONTINENTAL MOTORS, INC., TELEDYNE TECHNOLOGIES INCORPORATED, TDY INDUSTRIES INC., a/k/a TELEDYNE INDUSTRIES, INC., TELEDYNE INDUSTRIES INC., ALLEGHENY TECHNOLOGIES, INC., and ALLEGHENY TELEDYNE, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |


MEMORANDUM AND ORDER
July 11, 2013


    This case presents certain issues regarding the protocols

for removal of a non-federal question case from state court to

federal court when complete diversity is lacking.  The defendants

maintain that their removal followed proper procedure to secure

the unanimity necessary to support removal.  I agree.  But I disagree that the non-diverse party should be considered to have been fraudulently joined as a plaintiff.  Consequently, finding this case lacks the complete diversity necessary to support federal jurisdiction, I will order the case remanded to state court.

## I.  BACKGROUND

In December 2010, decedents Robert E. Lothrop and William J. Schley were killed in a plane crash in Leverett, MA, while en route from New Hampshire to New York.  Plaintiffs filed wrongful death actions in Massachusetts Superior Court in November 2012. On February 7, 2013, North American Air Charter, Inc. ("North American") removed the action to this court before any defendant had been served with process.

The notice of removal was premised on diversity jurisdiction.  The administrator of decedent Lothrop's estate assumes his North Carolina citizenship for purposes of this suit. *See* 28 U.S.C. § 1332(c)(2).  Plaintiff Earls assumes decedent Schley's New York citizenship.  Defendants are, based on their places of incorporation and principal places of business, citizens of New York, Delaware, Alabama, California, and Pennsylvania.  Although the New York citizenship of plaintiff Earls destroys complete diversity of citizenship among the parties, 28 U.S.C. § 1332(a), North American argues that removal

was nevertheless proper because Earls has been fraudulently and impermissibly joined in this action.

Plaintiffs moved to remand the case, arguing that Earls was properly joined.  In addition to opposing remand, North American filed an amended and supplemental notice of removal.  All of the defendants--who by that point had been properly joined and served in the action--consented to the amended notice of removal.

## II. ANALYSIS

### A.   Rule of Unanimity

In cases removed to federal court under 28 U.S.C. § 1441(a), the so-called "rule of unanimity" requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  More specifically, defendants properly joined and served at the time of the removal each have 30 days from service to consent to removal.  *See* 28 U.S.C. § 1446(b)(2)(B); *Esposito* v. *Home Depot U.S.A., Inc.*, 590 F.3d 72, 75-76 (1st Cir. 2009).

The rule of unanimity plainly "does not require consent of defendants who have not been properly served." *Johnson* v. *Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011).  Nevertheless, assertedly based in large part on my recent opinion in *Gentile* v. *Biogen Idec, Inc.*, No. 11-11752-DPW, 2013 WL 1189497 (D. Mass. Feb. 21, 2013), and its application in *Howard* v. *Genentech, Inc.*, No. 12-11153-DPW, 2013 WL 680200 (D. Mass. Feb. 21, 2013),

plaintiffs argue that § 1446(b)(2)(A) requires at least one

defendant to have been "properly joined and served" prior to

removal.  I disagree.

Gentile involved an interpretation of 28 U.S.C.

§ 1441(b)(2)--the "forum defendant rule"--which prohibits removal

of an action "if any of the parties in interest properly joined

and served as defendants is a citizen of the State in which such

action is brought."  I reasoned that the provision's "use of

['any'] and definite article 'the' when referring to 'parties

[properly joined and served]' assumes that there is one or more

party in interest that has been properly joined and served

already at the time of removal."  Gentile, 2013 WL 1189497, at

*4.  This reading of § 1441(b)(2) created only a narrow

exception, in cases involving forum defendants, to the generally-

accepted rule that "formal service is not required before a

defendant can remove."  Sutler v. Redland Ins. Co., No.

12-10656-RWZ, 2012 WL 5240124, at *2 (D. Mass. Oct. 24, 2012)

(collecting cases).

My textual analysis of § 1441(b)(2) in Gentile actually cuts

against plaintiffs' proposed reading of § 1446(b)(2).  I noted in

Gentile the subtle difference between the use of words like "any"

or "none" when deployed as pronouns and those same words deployed

as adjectives.  While use as a pronoun (i.e. "any of the [x]")

implies the existence of some members of the group "[x]" from

which the subject "any" is drawn, use as an adjective (*i.e.* "any [x]") carries no such implication. *Id.* at *6 n.7. So too here. By predicating removal on the consent of "all defendants who have been properly joined and served," § 1446(b)(2)(A) does not seek to draw a consenting defendant from some existing pool of served defendants, but rather admits the possibility that there will be no defendants who have been served at the time of removal.

The statutory scheme supports this reading. One might worry that allowing pre-service removal will prejudice the right of later-served defendants to withhold consent to removal. 28 U.S.C. § 1448, however, specifically acknowledges that there may be defendants who are not served until after removal, and preserves their right "to move to remand the case." Section 1448, in its recognition of defendants served after removal and their right to withhold consent by seeking remand, undermines the notion that § 1446(b)(2)(A) requires a joined and served defendant available to give consent at the time of removal.

In any event, there is no question that the defendants here--once properly joined and served--adequately consented to removal. There are two aspects to effective consent: (1) defendants must mainfest adequate consent, 28 U.S.C. § 1446(b)(2)(A), and (2) that consent must be given within 30 days of service of the complaint or other receipt of the complaint after service of a summons, 28 U.S.C. § 1446(b)(2)(B);

*Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

As to the first issue, The First Circuit has declined to establish a "wooden rule" regarding what conduct constitutes adequate consent to removal.  *Esposito*, 590 F.3d at 77.  Although the court indicated that "conduct less explicit than joining the notice will suffice," it did signal that some affirmative act of consent may be necessary.  *Id.* at 76-77 (discussing consent by filing answer within 30-day period, but expressing doubts about merely oral consent); *accord Wilkins* v. *Corr. Med. Sys.*, 931 F.2d 888 n.2 (4th Cir. 1991) ("[T]here is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service."); *Frankston* v. *Denniston*, 376 F. Supp. 2d 35, 41 (D. Mass. 2005) ("[A] failure to object is different than affirmatively giving consent.  This finding is bolstered by the general rule that the removal statutes should be construed strictly against removal.").  In any event, defendants here have given the clearest consent possible by joining in the amended notice of removal.

As to the second issue, defendants' consent was timely.  The amended notice of removal, to which all served defendants consented, was filed on March 22, 2013, within 30 days after

North American was served on February 21.[1]  Although the amended

notice provides no detail as to when the other defendants were

served, they all gave adequate consent by joining in North

American's timely amended notice, even if any of them happened to

be served more than 30 days before the amended notice was filed.

*See* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at

different times, and a later-served defendant files a notice of

removal, any earlier-served defendant may consent to the removal

even though that earlier-served defendant did not previously

initiate or consent to removal.").[2]

## B.    *Fraudulent Joinder*

I next turn to North American's argument that plaintiff

Earls was joined merely to destroy the complete diversity of

---

[1] Although North American received a copy of the complaint
by means other than service on January 22, 2013, the Supreme
Court has made clear that "a named defendant's [30-day period] to
remove is triggered by simultaneous service of the summons and
complaint, or receipt of the complaint, 'through service or
otherwise,' after and apart from service of the summons, but not
by mere receipt of the complaint unattended by any formal
service." *Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.*,
526 U.S. 344, 347-48 (1999).

[2] Even if there were some defect in the formal particulars
of providing adequate consent, the First Circuit has indicated
that a court will retain discretion over the issue of remand
where unambiguous and unanimous consent among all served
defendants is achieved, albeit outside of the 30-day statutory
window. *Esposito*, 590 F.3d at 77.  As long as the defect is
cured prior to the entry of summary judgment, "a remand to state
court [is] not required." *Id.*  There can be no question that
defendants here have unambiguously and unanimously consented to
removal.

citizenship among the parties and to frustrate removal by defendants.

In cases of diversity jurisdiction, the right of removal cannot be defeated by the joinder of parties "having no real connection with the controversy." *Wilson* v. *Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  Although the "fraudulent joinder" doctrine is most often applied in cases in which plaintiffs seek to defeat removal by fraudulently joining a forum or non-diverse defendant, courts have found that "the fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff."  *See Kansas State Univ.* v. *Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) (collecting cases).  That said, North American has not demonstrated that plaintiff Earls was fraudulently joined.

Lacking a clear standard from the First Circuit for evaluating a claim of fraudulent joinder, I observe that other courts in this district have applied the Second Circuit's serviceable rule that "a defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action."  *See Mills* v. *Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 5 (D. Mass. 2001) (quoting *Whitaker* v. *Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)).

At the heart of North American's argument for fraudulent joinder is that the complaint was signed on behalf of plaintiff Earls by counsel not admitted to practice in Massachusetts or even admitted *pro hac vice*.  North American goes to great lengths to support this proposition--arguing, for example, that Earls cannot have been represented by Lothrop's Massachusetts counsel because of the absence of any theories of joint recovery and because of potentially non-waivable conflicts of interest.  North American observes that Mass. R. Civ. P. 11(a) provides that plaintiff Earls' pleading "may be stricken."

The discretionary language of Mass. R. Civ. P. 11(a) alone suggests that North American cannot show plaintiff Earls has "no chance of recovering" against defendants.  *Poulos* v. *Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).  North American seeks to avoid this conclusion by arguing that Mass. R. Civ. P. 11(a) becomes mandatory upon timely objection, citing *Gill v. Richmond Co-op Ass'n*, 34 N.E.2d 509 (Mass. 1941).  *Gill*, however, is more than a half-century old and was decided before adoption of the Massachusetts Rules of Civil Procedure.  And, most importantly, *Gill* explicitly does not decide the issue.  *Id.* at 511 ("we need not decide in this case" whether a pleading by an unauthorized attorney is a "nullity").

Moreover, North American never made an objection to the Massachusetts court; its only objection was made in this court by

notice of removal.  Once the action was removed, however, *federal* procedural rules began to govern.  *Smith* v. *Bayer Corp.*, 131 S. Ct. 2368, 2374 n.2 (2011).  And, as even North American acknowledges, Fed. R. Civ. P. 11(a) gives litigants an opportunity to correct the kind of procedural failings alleged by North American here.  *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.").

North American also argues that plaintiffs failed to pay the filing fees required for each plaintiff.  *See* Mass R. Civ. P. 20(a) ("In any action in which persons not asserting any right to recover jointly join as plaintiffs . . . the entry fee shall be an amount equal to the aggregate of the entry fees which would have been required had separate actions been brought."); M.G.L. ch. 262, §§ 4A, 4C (setting fee amounts).  Plaintiffs paid two filing fees, but North American appears to argue they should have paid four: one for each of the two plaintiffs in their individual capacities, and one for each of the two plaintiffs in their role as administrators of the decedents' estates.  Plaintiffs respond that the complaint asserts only claims for wrongful death that can be brought by the two plaintiffs in their representative capacities, *see* M.G.L. ch. 229, § 2, and thus only two filing fees needed to be paid.

Even if the fees paid were insufficient, however, North
American has not established that Earls' claims would necessarily
have been dismissed by the state court.  North American cites
*Owens* v. *Amtrak*, No. 94-7444, 1998 WL 448908 (Mass. Super. July
31, 1998), for the proposition that any failure with respect to
fees will result in dismissal.  *Owens* involved a circumstance in
which plaintiffs attempted to commence a timely action on their
claim for intentional infliction of emotional distress, but paid
inadequate per-plaintiff fees; the court thus dismissed the claim
because the statute of limitations had run just days after
plaintiffs' initial (but failed) attempt at commencing the
action.  *See id.*  Here, however, North American--in an effort to
show that Earls will not be prejudiced by dismissal--argues that
the applicable statute of limitations on Earls' claims has not
yet expired.  North American has not established that
Massachusetts courts would be obligated to take a harsh approach
to dismissal where the statute of limitations has not run, rather
than simply allowing an opportunity to cure the defect.

In any event, further discussion of the niceties of
Massachusetts practice is unnecessary.  I need not and do not
determine whether there was any procedural defect in Earls'
filing, or whether any such defect requires dismissal of his
claims.  I do conclude, however, that the various procedural
irregularities raised by North American, which likely allow for a

discretionary judicial response in any event, do not establish
that plaintiff Earls was joined "without any reasonable basis in
fact and without any purpose to prosecute the cause in good
faith." *Wilson*, 257 U.S. at 98.   The sort of state law
procedural objections raised by North American are not the stuff
of fraudulent joinder, and are more properly raised in the first
instance with the Massachusetts court.

The doctrine of fraudulent joinder is, to be sure, necessary
to preserve the integrity of removal jurisdiction.   But "[t]he
burden of persuasion placed upon those who cry 'fraudulent
joinder' [should be] a heavy one,"   *Hart* v. *Bayer Corp.*, 199 F.3d
239, 246 (5th Cir. 2000), and defendants may not to run to
federal court every time a non-diverse plaintiff has failed to
dot his "i's" and cross his "t's."   If, on remand, North American
succeeds in convincing the state court that the alleged
procedural failings warrant dismissal of plaintiff Earls from the
case, then it will have a proper opportunity for removal to this
court.   *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the
initial pleading is not removable, a notice of removal may be
filed within 30 days after receipt by the defendant, through
service or otherwise, of a copy of an amended pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is or has become removable.").[3]

### III. CONCLUSION

For the reasons set forth more fully above, I conclude that removal was procedurally proper.  However, North American has failed to establish that plaintiff Earls--who, on behalf of decedent Schley, shares a New York residence with at least one of the defendants--was fraudulently joined.  North American thus lacked a basis for removal under diversity jurisdiction, and the case presents no other basis for federal jurisdiction.  Removal was therefore improper, and plaintiff's motion to remand, Dkt. No. 7, is GRANTED.  The case shall be REMANDED to Suffolk Superior Court, where it was originally filed.


*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[3] North American has also raised arguments pertaining to personal jurisdiction and *forum non conveniens* which have no bearing on the removal question, but may also be pursued before the state court on remand.